IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHRIS WASHINGTON-EL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1688 |
| | ) | |
| v. | ) | Judge Conti |
| | ) | Magistrate Judge Bissoon |
| JEFFREY BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER OPINION AND ORDER

Chris Washington-El ("plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Frackville ("SCI-Frackville"), located in Frackville, Pennsylvania. This suit commenced with this court's receipt of plaintiff's motion to proceed *in forma pauperis* ("IFP") on December 10, 2008. (ECF No. 1). The matter was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges.

The magistrate judge's report and recommendation, issued on December 16, 2010 (ECF No. 70), recommended that defendants' motion to dismiss (ECF No. 60) be granted in part and denied in part. Plaintiff timely filed objections thereto on January 26, 2011. (ECF No. 72). Defendants failed to file a response.

In his objections, plaintiff argued, *inter alia*, 1) that his placement in solitary confinement and on the Restricted Release List ("RRL") was based on charges so vague as to be constitutionally deficient under the Fourteenth Amendment; 2) that the periodic review of his placement on the RRL was constitutionally inadequate; 3) that additional, newly-alleged conditions at the State Correctional Institution at Fayette ("SCI-Fayette") created a cognizable

1

conditions of confinement claim under the Eighth Amendment; and 4) that the magistrate judge erred in her conclusion that plaintiff had failed to state an Eighth Amendment claim regarding the treatment of his mental illness.[1] These arguments will be addressed *seriatim*.

First, with respect to plaintiff's initial placement in administrative segregation, his claim of a violation of the Fourteenth Amendment's Due Process Cause must fail because he had no liberty interest in his initial placement in administrative confinement. See Griffin v. Vaughn, 112 F.3d 703, 705 (3d. Cir. 1997). (holding that up to fifteen months of administrative confinement does not implicate a liberty interest). Additionally, even if he were to establish that he had a liberty interest in his initial placement in administrative segregation, or on the RRL, plaintiff's factual allegations indicate that he received all the process that he was due under the Fourteenth Amendment.

Once the deprivation of a liberty interest has been established, an inmate's claims of a due process violation with respect to his administrative confinement must be analyzed under the Supreme Court's holding in Hewitt v. Helms, 459 U.S. 460 (1983) (*overruled in part on other grounds by* Sandin v. Conner 515 U.S. 472 (1995)).[2] See Stevenson v. Carroll, 495 F.3d 62, 70 (3d Cir. 2007) (recognizing that the standard under Hewitt , and not that of Wolff v. McDonnell, 418 U.S. 539 (1974), which applies to prison disciplinary hearings, is the proper one to apply in addressing the sufficiency of procedural due process in cases of an inmate's confinement to administrative segregation).

---

[1] Plaintiff makes several additional arguments in his objections, all of which were adequately and appropriately addressed by the report, and thus require no analysis by the undersigned.

[2] In attempting to provide support for his argument, plaintiff cites to several decisions analyzing due process requirements in the context of prison disciplinary proceedings, such as Wolff v. McDonnell, 418 U.S. 539 (1974). Plaintiff's reliance on these decisions is misplaced as, for the reasons stated above, these decisions do not provide the proper standard for analyzing the sufficiency of the process that plaintiff received regarding his administrative confinement.

2

In <u>Hewitt</u>, the United States Supreme Court held that an "informal, nonadversary evidentiary review" is sufficient to safeguard the liberty interest of an inmate being placed in administrative custody. 459 US. at 476. This review requires that

> [a]n inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Ordinarily a written statement by the inmate will accomplish this purpose, although prison administrators may find it more useful to permit oral presentations in cases where they believe a written statement would be ineffective. So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.

<u>Id.</u> Such a review need not take place prior to the inmate's transfer to administrative custody, but merely within a reasonable amount of time afterword. <u>Griffin</u>, 112 F.3d at 707. From the allegations in plaintiff's second amended complaint, it is clear that he possessed "some notice" of the charges against him no later than June 13, 2007, and had a multitude of opportunities to present his views on these charges. Consequently, it is clear that plaintiff's claims of a due process violation regarding his initial placement on the RRL – to the extent that a liberty interest existed at the time of his placement – must be dismissed.

Despite this very deferential standard, the Supreme Court has recognized that administrative segregation must not be used as a pretext to indefinite confinement. <u>Hewitt</u>, 459 U.S. at 477 n.9. To this end, periodic reviews of a prisoner's administrative confinement are required. <u>Id.</u> Due process does not require that these reviews allow for the submission of additional evidence or statements; instead,

> [t]he decision whether a prisoner remains a security risk will be based on facts relating to a particular prisoner-which will have

3

> been ascertained when determining to confine the inmate to administrative segregation-and on the officials' general knowledge of prison conditions and tensions, which are singularly unsuited for "proof" in any highly structured manner. . . . [T]he ongoing task of operating the institution will require the prison officials to consider a wide range of administrative considerations. . . .

Id.

With respect to the issue at bar, it is undisputed by plaintiff that his administrative segregation and RRL status were the subject of multiple reviews by prison officials. Plaintiff's factual allegations also indicate that he was allowed to present his views on his confinement and actually did so on numerous occasions. Plaintiff, however, argues that these periodic reviews were merely perfunctory, and thus not constitutionally adequate. See Shoats v. Horn, 213 F.3d 140, 146 (3d Cir. 2000) (citing Sourbeer v. Robinson, 791 F.2d 1094, 1101 (3d Cir. 1986) (holding that periodic reviews of administrative confinement are not meaningful, and thus constitutionally deficient, if they are merely "perfunctory"). In support of this assertion, plaintiff notes that despite being classified as an escape risk for an incident at SCI-Graterford, he has been transferred to several institutions since that time, and the incident in question took place, at the latest, in 2007. Plaintiff alleges that all "staffings" at SCI-Fayette were routinely denied and indicates that he was given year-long terms on the RRL, making 90-day reviews of his status meaningless.

While this court is mindful of the extremely deferential standard that exists under Hewitt, plaintiff's allegations of the lack of a constitutionally meaningful review process nudge, if just barely, over the line of stating a plausible claim upon which relief may be granted. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Consequently, plaintiff's claims of

violations of the Due Process Clause of the Fourteenth Amendment, in relation to his continued confinement in administrative segregation and on the RRL, will not be dismissed.

Next, plaintiff submits a declaration alleging the existence of several troubling conditions with respect to his housing. See Ex. D to Pl.'s Br. in Opp'n to Mot. to Dismiss, (ECF No. 72-4). These allegations, as shocking as they are, did not appear in either plaintiff's initial complaint, or the amended complaint that is the subject of the current motion to dismiss. Certain portions of these new allegations are also almost identical to the facts in McKeithan v. Beard, in which the court of appeals determined that an individual plaintiff had adduced sufficient evidence concerning the conditions of the Long term Segregation Unit at SCI-Fayette to survive summary judgment.[3] McKeithan v. Beard 322 F.App'x 192, 202 (3d Cir. 2009).

As these allegations did not appear in plaintiff's second amended complaint, it is clear that the magistrate judge properly determined, based on the face of that document, that plaintiff failed to state an Eighth Amendment conditions of confinement claim. It would be improper to allow plaintiff to amend his pleadings through his briefs, objections, or attachments thereto. See Bell v. City of Phila., 275 F.App'x 157, 160 (3d Cir. 2008). Consequently, plaintiff's Eighth Amendment claims based on the conditions of his confinement must be dismissed without prejudice. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, plaintiff will be granted leave to amend with respect to these claims. Plaintiff is cautioned that any amendment is subject to the provisions of Rule 11 of the Federal Rules of Civil Procedure, which apply to *pro se* litigants as well as to attorneys. See Rader v. ING Bank, Nos. 09-340, 09-544, 09-781, 2010 WL 1403962, at *6 (D.Del. Apr. 07, 2010) (citing Thomas v. Connecticut Gen. Life Ins. Co., No. 02-MC-136, 2003 WL 22953189, at *3 (D.Del. Dec 12, 2003)).

---

[3] Plaintiff cites to McKeithan in his objections. See (ECF No. 72) at 13.

Finally, plaintiff takes issue with the magistrate judge's conclusion that he failed to state a claim under the Eighth Amendment with respect to his allegations of mental illness in connection to his lengthy solitary confinement. As a general matter, the mere placement in solitary confinement, despite its accompanying "extreme social isolation and reduced environmental stimulation" – and the likelihood of "some degree of psychological trauma" that it entails – is not enough to rise to the level of an Eighth Amendment violation. Madrid v. Gomez, 889 F.Supp. 1146, 1265 (N.D.Cal. 1995). Indeed, administrative segregation, and its associated risk of psychological deterioration, "is not *per se* violative of the Eighth Amendment with respect to all potential inmates." Id. Various federal courts, however, have recognized that individuals who are "at a particularly high risk for suffering very serious or severe injury to their mental health" may suffer a constitutional deprivation by being placed in solitary confinement – particularly in instances where there is no penological justification for doing so. Id. at 1262, 1265; see Ruiz v. Johnson, 37 F.Supp.2d 855, 914-15 (S.D.Tex. 1999). Inmates who are already mentally ill at the time of their placement in segregation, or who have "a history of prior psychiatric problems or chronic depression" are in this group. Madrid, 889 F.Supp. at 1265.

Plaintiff alleges that he has a history of mental illness, and has suffered from "claustrophobia issues, sleeping disorders, paranoia, chronic depression, insomnia, and other documented issues" while in administrative segregation during 2008. (ECF No. 43 ¶ 92.) Plaintiff also indicates that, while in administrative confinement, he received treatment from medical professionals, and he does not challenge the adequacy of that care in the second amended complaint.

To the extent that plaintiff alleges that he was denied adequate medical care for his mental health issues, he clearly failed to state a claim under the Eighth Amendment for a variety

6

of reasons. First, plaintiff alleges that he received medical care for his mental health issues on multiple occasions, and he does not challenge the adequacy of this care or allege that defendants – or anyone else – interfered with his case in any way. Consequently, to the extent that plaintiff attempts to state a claim against defendants for denial of adequate medical care, his complaint must be dismissed. Plaintiff's Eighth Amendment claim with respect to his mental health, to the extent that he alleges that his lengthy stay in insolation has unnecessarily exacerbated his pre-existing conditions, presents a more difficult an issue.

As the magistrate judge properly recognized, in order to state an Eighth Amendment claim, plaintiff must allege both that the conditions of his confinement posed a substantial risk of serious harm, and that defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The second prong to this test, often referred to as "deliberate indifference," requires that a state official be aware of a substantial risk of serious harm to the prisoner, but disregarded it by failing to take steps to abate it. Goodrich v. Clinton County Prison, 214 F.App'x 105, 110 (3d Cir. 2007) (citing Farmer, 511 U.S. at 837). In order to meet this extremely high standard, an official must be both aware of facts from which one could draw the inference that a substantial risk of serious harm exists, and then actually draws that inference. Wise v. Rank, 340 F.App'x 765, 766 (3d Cir. 2009) (citing Farmer, 511 U.S. at 837). While the Supreme Court has rejected the assertion that liability may be imposed on prison officials due to the existence of objectively inhumane prison conditions, see Farmer, 811 U.S. at 837, it has held that objective indicia of the obviousness of a risk to inmate health could be the basis for a trier of fact to determine whether official possessed a sufficiently culpable state of mind for Eighth Amendment liability to attach. Id. at 842-43

This court concludes that plaintiff plead an Eighth Amendment claim with respect to his mental health issues as they intersect with his extended solitary confinement. As with plaintiff's argument regarding the inadequacy of his periodic post-confinement reviews, this is a very close call, and his claim might not survive summary judgment. In light of plaintiff's allegations of a well-documented history of mental illness, an exacerbation of symptoms during a lengthy administrative confinement, and actual knowledge of his mental health issues by defendants, plaintiff nudged his claim for relief across the line of the conceivable to the plausible.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation (ECF No. 70), the following ORDER is entered:

AND NOW, this 11th day of March, 2011,

IT IS HEREBY ORDERED that defendants' motion to dismiss (ECF No. 60) is granted in part, granted without prejudice in part, and denied in part.

IT IS FURTHER ORDERED that plaintiff's claims based on the violation of DOC policy and the violation of his due process rights with respect to his initial placement in administrative segregation and on the Restricted Release List are DISMISSED.

IT IS FURTHER ORDERED that plaintiff's Eighth Amendment claims, to the extent that they are based on 1) his conditions of confinement that are not associated with his allegations of exacerbation of existing psychological conditions; and 2) denial of medical care for his psychological conditions are DISMISSED WITHOUT PREJUDICE to his right to file an amended complaint within twenty-one days of the date of this order.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 60) is denied in all other respects.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Bissoon dated December 16, 2010 (ECF No. 70), as it is modified and supplemented by this Memorandum Opinion and Order, is adopted as the opinion of this Court.

<u>/s/ Joy Flowers Conti</u><br>
Joy Flowers Conti<br>
United States District Judge

cc:
CHRIS WASHINGTON-EL
CW-2075
1111 Altamont Blvd.
Frackville, PA 17931

Magistrate Judge Bissoon