# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS WASHINGTON-EL, | ) | |
| | ) | Civil Action No. 08 – 1688 |
| Plaintiff, | ) | |
| | ) | District Judge Joy Flowers Conti |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JEFFREY BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This suit commenced with this court's receipt of the motion to proceed *in forma pauperis* on December 10, 2008 filed by Plaintiff Chris Washington-El ("Plaintiff").  (ECF No. 1.)  The motion was granted (ECF No. 2) and Plaintiff's complaint was filed on December 18, 2008 (ECF No. 4).  Plaintiff's complaint was directed solely at Defendant Jeffrey Beard, then Secretary of the Department of Corrections ("DOC").  Defendant Beard moved to dismiss the complaint (ECF No. 15), and this Court granted the motion without prejudice to Plaintiff filing an amended complaint (ECF No. 34).

Plaintiff filed an amended complaint which, in addition to Defendant Beard, named thirteen new DOC defendants.[1]  (ECF No. 39.)  Soon thereafter, Plaintiff was granted leave to amend and filed a second amended complaint naming the same fourteen defendants (collectively, "Defendants").  (ECF No. 43).  Defendants moved to dismiss Plaintiff's second amended

---

[1]      Defendants included: Jeffrey Beard, George Patrick, Randall Britton, Deputy Supt. Close, F. Harnett, Brian Coleman, Deputy Supt. Burns, Deputy Supt. Gates, Michael Zaken, Eric Armel, Captain Leggett, Sherwood Hughes, Stephen Buzas, and Frank Lewis.

complaint, which this court granted in part and denied in part.  (ECF No. 70.)  Plaintiff filed his

third amended complaint on May 2, 2011 (ECF No. 75), naming the same fourteen defendants.

Defendants moved to dismiss Plaintiff's third amended complaint (ECF Nos. 82, 83), and

Plaintiff filed a response in opposition to Defendants' motion (ECF Nos. 92, 93).

On February 3, 2012, a magistrate judge entered a Report and Recommendation (ECF

No. 95), recommending that Defendants' motion be granted in part and denied in part.

Specifically, she recommended that Defendants' motion be granted with respect to Plaintiff's

claims regarding (1) violation of due process in relation to the denial of an impartial tribunal, (2)

violation of the free exercise of religion under the First Amendment in relation to being denied

attendance at Islamic congressional meetings and services, and (3) violation of RLUIPA.  It was

recommended that the motion be denied with respect to Plaintiff's claims regarding (1) violation

of due process in relation to his continued confinement in administrative custody and on the

Restrict Release List ("RRL"), (2) violation of the Eighth Amendment in relation to the

exacerbation of pre-existing mental health conditions due to prolonged isolation, (3) retaliation

for engaging in speech protected by the First Amendment, and (4) violation of the free exercise

of religion in relation to being denied a copy of the Koran.  Finally, it was recommended that

Plaintiff's Eighth Amendment claim regarding the conditions of his confinement be dismissed

without prejudice to him filing a fourth amended complaint.

Plaintiff was served with the Report and Recommendation at his listed address and

advised that he had until February 21, 2012, to file written objections.  Plaintiff filed objections

to the Report and Recommendation on February 21, 2012.[2]  (ECF No. 96.)  Plaintiff's objections will be discussed in turn.

### A.  Plaintiff's Objections

### 1.  RLUIPA

Plaintiff claims that Defendants Beard, Coleman, Gates, Zaken, Leggett, and Lewis violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq*., with respect to denying his requests for a copy of the Koran and to participate in Islamic congressional meetings and services.  The magistrate judge recommended that Plaintiff's RLUIPA claims be dismissed because, to the extent he was seeking monetary damages against Defendants in their official capacities, such relief was barred by Sossamon v. Texas, 131 S. Ct. 1651, 1660 (2011), and to the extent he was seeking monetary damages against Defendants in their individual capacities, such relief was not available under RLUIPA. Specifically, the magistrate judge noted that although the Court of Appeals for the Third Circuit has not addressed whether individuals can be held liable under RLUIPA in their individual capacities, the clear weight of authority holds that they cannot.  Plaintiff objects claiming that the court should find that Defendants can be held liable under RLUIPA in their individual capacities. A week after the magistrate judge entered her Report and Recommendation, the Third Circuit Court of Appeals decided Sharp v. Johnson, --- F. 3d ----, 2012 WL 400667 (3d Cir 2012), wherein it held that RLUIPA does not permit actions against state officials in their individual capacities.  As such, to the extent he seeks monetary relief, Plaintiff's RLUIPA claims cannot

---

[2]      February 21, 2012 is the filing date under the "mailbox rule."  Pennsylvania and federal courts employ the prisoner mailbox rule.  *See* Perry v. Diguglielmo, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing Commonwealth v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998)); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  Under this doctrine, a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing.  *See* Burns, 134 F.3d at 113; Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).

3

proceed against Defendants in either their official or individual capacities and his objection on this basis is overruled.

Plaintiff next objects to the report on the basis that he is also seeking an injunction and declaratory relief against Defendant Beard and that such relief is not barred by RLUIPA.  While Plaintiff is correct in his assertion, the court notes that the alleged RLUIPA violations took place at SCI-Fayette and Plaintiff has since been transferred to SCI-Huntingdon.   This transfer rendered moot his claims for injunctive and declaratory relief.   "In the prison context, the transfer of an inmate from the facility complained of moots claims for injunctive relief involving that facility." Santiago v. Sherman, No. 05-153, 2007 U.S. Dist. LEXIS 5365, 2007 WL 217353, at *3 (W.D. Pa. Jan. 25, 2007) (citing Abdul-Akbar v. Watson, 4 F.3d 195 (3d Cir. 1993), and Sutton v. Rasheed, 323 F.3d 236 (3d Cir. 2003)); see also Neal v. Lucas, 75 F. App'x 960 (5th Cir. 2003) (holding that prisoner's RLUIPA claims seeking injunctive and declaratory relief related to a corrections institution's denial of his request for religious publications were rendered moot by the prisoner's transfer out of the facility where the publications were denied); Bilal v. Lehman, No. C04-2507, 2006 U.S. Dist. LEXIS 89430, at *6-7 (W.D. Wash. Dec. 8, 2006) (holding that transfer rendered moot the claims for declaratory and injunctive relief related to prisoner's claim he was denied a religious diet exception).

In addition, Plaintiff's claim for declaratory relief fails because Plaintiff seeks a judgment declaring that Defendants' past actions were violative of federal law and such a claim is not permitted.  The Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past." P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); Mehdipour v. Matthews, 22 F. App'x 978, 978 n.1 (10th Cir. 2001) ("Mehdipour argues on appeal that absolute judicial immunity does not apply to his claims

4

for injunctive relief rather than damages.  The only injunctive relief sought by Mehdipour in his complaint was a declaratory judgment that the defendants had violated his rights.  However, '[t]he Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past.'") (quoting Johns v. Stewart, 57 F.3d 1544, 1553 (10th Cir. 1995)).  Thus, to the extent Plaintiff seeks injunctive and declaratory relief for the alleged RLUIPA violations, his objections to the report are without merit.

Finally, Plaintiff objects to the report arguing that his RLUIPA claims should not be dismissed because he would be entitled to attorney fees under RLUIPA assuming he retained or was appointed counsel.  Plaintiff, however, is not entirely correct.  While courts have discretion to award a prevailing party reasonable attorneys' fees for any action or proceedings brought to enforce a provision of § 1983 or RLUIPA, *see* 42 U.S.C. § 1988(b), attorneys' fees will be awarded only to those inmates who have proven an actual violation of a protected right.  *See* Kimbrough v. California, 609 F.3d 1027, 1031 (9th Cir. 2010).  Not only would Plaintiff first have to be represented by an attorney in this case, which he is not, but he would also have to prove an actual RLUIPA violation, which, for the reasons stated above, he cannot do because he is seeking relief that is unavailable.  As such, Plaintiff's objection to the report on this basis is also without merit.

## 2.  Free Exercise of Religion

Plaintiff claims that Defendants Coleman, Gates, Zaken and Leggett denied him participation in Islamic congressional meetings and services in violation of the First Amendment. In recommending this claim be dismissed, the magistrate judge concluded that the four factors outlined in Turner v. Safley, 482 U.S. 78 (1987), weighed in favor of Defendants and that the restrictions on Plaintiff's religious right to attend Islamic congressional meetings and services

5

due to his placement in administrative custody ("AC") within the Restricted Housing Unit ("RHU") at SCI-Fayette was reasonably related to legitimate penological interests.  Plaintiff objects to the magistrate judge's findings on each of the <u>Turner</u> factors.

Without respect to Plaintiff's objections to the first and second <u>Turner</u> factors, the court notes that Plaintiff submitted affidavits from other inmates in support of his claims that the <u>Turner</u> factors, and specifically the third and fourth factors, should not weigh in Defendants' favor.  The allegations contained within these affidavits did not appear in Plaintiff's third amended complaint, and as such, it is clear that the magistrate judge properly determined, based on the face of that document, that the <u>Turner</u> factors weighed in favor of Defendants.  Upon review, however, it appears that certain portions of these new allegations may be enough to state a plausible claim upon which relief may be granted.

It would be improper to allow Plaintiff to amend his pleadings through his objections, or attachments thereto, *see* <u>Bell v. City of Phila.</u>, 275 F. App'x 157, 160 (3d Cir. 2008), and as such, Plaintiff's claim must be dismissed.  Because the court is allowing Plaintiff to amend his Eighth Amendment claim based on the conditions of his confinement, the court will dismiss this claim without prejudice and allow Plaintiff to amend with respect to this claim as well.  Plaintiff is warned that this will be his **<u>final</u>** opportunity to amend, and in doing so, he should include **<u>all</u>** allegations concerning this claim within his fourth amended complaint.  Plaintiff will not be permitted another opportunity to amend.  Moreover, Plaintiff is cautioned that any amendment is subject to the provisions of Rule 11 of the Federal Rules of Civil Procedure, which apply to *pro se* litigants as well as attorneys.  *See* <u>Radar v. ING Bank</u>, Nos. 09-340, 09-544, 09-781, 2010 WL 1403962, at *6 (D. Del. Apr. 7, 2010) (citing <u>Thomas v. Connecticut Gen. Life Ins. Co.</u>, No. 02-MC-136, 2003 WL 22953189, at *3 (D. Del. Dec. 12, 2003)).

6

### 3.  Impartial Tribunal

Plaintiff claims that Defendant Beard violated his due process rights by denying him an impartial tribunal with respect to his placement on the RRL.  The magistrate judge concluded that this claim was barred by the law of the case doctrine because this court previously dismissed Plaintiff's due process claims with regard to his initial placement on the RRL.  Specifically, Plaintiff's due process claims (which included Plaintiff's denial of an impartial tribunal claim) were dismissed because Plaintiff's mere placement in AC and on the RRL was not sufficient to implicate a liberty interest which entitled him to due process protections.  Plaintiff now objects to the report arguing that his denial of an impartial tribunal claim is directed at his "ongoing and continuous detention" rather than his initial placement on the RRL, and because his due process claims in relation to his continued confinement in AC and on the RRL survived Defendants' previous motion to dismiss, the magistrate judge erred in recommending that this claim be dismissed.  Plaintiff is mistaken for several reasons.

First, the only due process claim that survived dismissal was Plaintiff's claim in relation to his continued confinement in AC and on the RRL; that his periodic reviews were merely perfunctory and thus not constitutionally adequate.  Contrary to Plaintiff's contentions, this did not include his impartial tribunal claim; rather, this claim was dismissed pursuant to this court's order dated March 11, 2011, whereby the court held that Plaintiff had no protected liberty interest with regard to his initial placement in AC and on the RRL and dismissed his related due process violation claims.  Although Plaintiff was not permitted to include this claim when he filed his third amended complaint, he did so anyway and Defendants moved for dismissal based on the law of the case doctrine.  Importantly, in his response opposing Defendants' motion, Plaintiff did not argue that this claim previously survived dismissal as he challenged Defendants'

attempt to dismiss his due process claim as it related to his continued confinement.  Plaintiff argued that the claim was not barred by the law of the case doctrine because, according to him, the court did not specifically address this claim in its order dated March 11, 2011.

After reviewing Plaintiff's complaint, it is evident that his impartial tribunal claim is directed only at his initial placement on the RRL.  Specifically, Plaintiff simply claims that "Defendant Beard denied Plaintiff [an] (Impartial Tribunal) Due Process law because he led[,] participated[,] and was directly involved in the investigation that led to him also sentencing Plaintiff to a RRL sentence."  (ECF No. 75 at 14.)  Although Plaintiff provides no additional details beyond this statement, it is clear from his response in opposition to Defendants' motion to dismiss that Plaintiff is challenging Defendant Beard's role as the ultimate decision maker in placing Plaintiff on the RRL because of Defendant Beard's involvement in a prior DOC investigation where Plaintiff was asked to provide information, but refused.  Specifically, Plaintiff contends that Defendant Beard was "improperly motivated" in his decision to place Plaintiff on the RRL because a DOC official allegedly recommended to Defendant Beard to place him on the RRL for failing to provide the requested information and for filing lawsuits against DOC officials.  Thus, based on Plaintiff's own pleadings, his impartial tribunal claim relates only to his initial placement on the RRL, and as this court previously determined, Plaintiff had no protected liberty interest with regard to his initial placement on the RRL, and therefore no due process protections were triggered.  Therefore, Plaintiff's objections are without merit.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the objections thereto, the following order is entered.

**AND NOW**, this 7th day of March, 2012,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No 82) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiff's claims regarding (1) violation of due process in relation to the denial of an impartial tribunal, and (2) violation of RLUIPA are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims regarding (1) violation of the free exercise of religion under the First Amendment in relation to being denied attendance at Islamic congressional meetings and services and (2) violation of the Eighth Amendment regarding the conditions of his confinement that are not associated with his allegations of exacerbation of existing psychological concerns are **DISMISSED** without prejudice to his right to file an amended complaint within twenty-one days of the date of this order.

Plaintiff is again warned that this will be his **_final_** opportunity to amend, and in doing so, he should include **all** allegations concerning these claims within his fourth amended complaint. Plaintiff will not be permitted another opportunity to amend.  Also, Plaintiff's fourth amended complaint must include all claims **remaining** in this case as it will be a stand-alone document. Plaintiff **shall not** include claims that have previously been dismissed.  Additionally, Plaintiff **will not be permitted** to raise new claims or amend his complaint through his briefs, objections, attachments, etc.  If Plaintiff fails to heed the Court's instructions, the magistrate judge will recommend either a dismissal with prejudice or will strike non-compliant portions of the amended complaint.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 82) is denied in all other respects.

**IT IS FURTHER ORDERED** that the report and recommendation of magistrate judge Lenihan dated February 3, 2012 (ECF No. 95), as it is modified and supplemented by this Memorandum Opinion and Order, is adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that this case is remanded back to the magistrate judge for all further pre-trial proceedings.

By the Court:


/s/ Joy Flowers Conti____
Joy Flowers Conti
United States District Judge


cc:  Chris Washington-El
      CW-2075
      1100 Pike Street
      Huntington, PA  16654

      Counsel of Record