# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS WASHINGTON-EL, | ) | |
| | ) | Civil Action No. 08 - 1688 |
| Plaintiff, | ) | |
| | ) | District Judge Joy Flowers Conti |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JEFFREY BEARD, *et al.*, | ) | ECF No. 144 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff has filed a Motion to Strike Defendants' Exhibits 7, 8, 9, and 10 from their appendix in support of their Motion for Summary Judgment (ECF No. 118), as well as paragraphs 18-24, 26-28, and 30-32 from their Concise Statement of Material Facts and pages 16-17 from their Brief in Support of their Motion for Summary Judgment. (ECF No. 144.)

Defendants' Exhibit 7 is the Declaration of Captain Thomas Dohman. (ECF No. 118-3 at 28-30.) Paragraphs 18-24 in Defendants' Concise Statement of Material Facts and pages 16-17 in their Brief in Support of summary judgment reference this exhibit. First, Plaintiff complains that Dohman's Declaration contains inadmissible hearsay, specifically paragraphs 3, 4, and 6. In paragraph 3 of his Declaration, Dohman states that in December 2005 he "received reliable information that the Plaintiff, along with several staff members, [was] smuggling marijuana into the prison. In order to build a case against these individuals and the plaintiff, [he] was asked to leave Plaintiff in the general prison population." (ECF No. 118-3 at 28.) Similarly, in paragraph 4, Dohman states that in February 2006 he "received information that the Plaintiff . . . may have been responsible for an altercation between two inmates in the Institution." Id. These

1

statements, however, do not relate to the truth of the matter asserted. *See* Fed. R. Evid. 801(c) (defining hearsay as a "statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"). In other words, these statements are not being offered to prove that Plaintiff participated in smuggling marijuana into the prison or was responsible or had any involvement in an altercation between two inmates. Instead, the statements are being offered to show the rationale as to why he was eventually placed in restricted housing in administrative custody.

The case cited by Plaintiff in support of this argument, U.S. v. Lopez, 340 F.3d 169 (3rd Cir. 2003) was a criminal matter and the issue presented was whether the corrections officers could testify that they were given information that Defendant Lopez might be carrying drugs on his person or in his cell. They did search the cell and did in fact find heroin. At the underlying criminal trial the judge, over objection, allowed the testimony as background information explaining the cell search. The Third Circuit reasoned that, because the issue in the criminal prosecution was whether the heroin in the cell belonged to Lopez, the testimony went to the truth of the matter and therefore should have been excluded as hearsay. Id. at 175-177. In this civil case, the issue is not whether Plaintiff was smuggling marijuana or had an altercation. Rather, it is whether he was given the required due process before being placed in restrictive housing. Because these statements are not hearsay as defined in Federal Rule of Evidence 801(c), these paragraphs of the Declaration, along with its references in Defendants' Concise Statement of Material Facts and brief in support of summary judgment, will not be stricken.

In paragraph 6, Dohman states that during an investigation into Plaintiff's alleged participation in the altercation between the two inmates, he was provided with reliable information from an outside law enforcement agency "that Plaintiff was planning an escape from

the Institution." (ECF No. 118-3 at 29.) As such, he decided that have Plaintiff remain in administrative custody. In general, hearsay evidence is not admissible and may not be considered at summary judgment. In this circuit, however, hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present the evidence in a form that would be admissible at trial. *See* Shelton v. Univ. of Med. & Dentistry, 223 F.3d 220, 223 n.2 (3d Cir. 2000); J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990). While this statement is not being offered for the truth of the matter asserted, but instead to show one of the reasons why Plaintiff remained in restricted housing in administrative custody, it is reasonable to conclude that Dohman could present additional evidence as to this piece of information that would make it admissible at trial. In fact, information relating to Plaintiff's drug and contraband smuggling activity and escape plan was substantiated and resulted in a federal indictment against four guards who worked at SCI-Graterford and one individual who was not a guard. This is a matter of public record which could be recognized by the trial court. Accordingly, this statement and its references will not be stricken.

Plaintiff also complains that the Court should strike paragraphs 4, 5, and 7 of Dohman's Declaration because it "contradicts his prior interrogatory testimony without explanation or independent evidence." (ECF No. 144 at 7.) The interrogatories Plaintiff submits in support of this conclusion are in connection with the case he filed in the Eastern District of Pennsylvania against Dohman and other SCI-Graterford officials in 2006. *See* ECF No. 145-2; Washington-El v. Diguglielmo, No. 06-cv-4517 (E.D. Pa.). Specifically, Plaintiff asserts that, in response to his interrogatories in the Eastern District case, Dohman stated that Plaintiff "was involved" in an altercation between two inmates but in paragraph 4 of his Declaration he states that Plaintiff

3

"may have been responsible" for the altercation. The interrogatories also show that Dohman stated that "no investigation was conducted," presumably into the altercation, while he now states in paragraph 5 of his Declaration that Plaintiff was placed in restricted housing in administrative custody "pending an investigation." Finally, in paragraph 7 of his Declaration, Dohman states that, after he was provided with information that Plaintiff was planning an escape, he decided to have Plaintiff remain in administrative custody to prevent his escape and to prevent him from trafficking drugs within the institution. In response to his interrogatories, however, Dohman stated that Plaintiff was placed in administrative custody due to information that he "was involved in injuries to another inmate in the institution."

First, the undersigned finds no contradiction between paragraph 4 of Dohman's Declaration and his prior interrogatory response, and, to the extent there is any such contradiction, it is immaterial and of no significance to the issues before the Court. Similarly, the undersigned finds that paragraph 7 of Dohman's Declaration does not contradict Dohman's prior interrogatory response. In his Declaration, Dohman admits that Plaintiff was *initially* placed in restricted housing in administrate custody after information was brought to light that he had been involved in an altercation between two inmates. However, he later decided to keep Plaintiff in restricted housing after receiving information about Plaintiff's planned escape and drug and contraband smuggling activity. This in no way contradicts his prior response that Plaintiff was *initially* placed in restricted housing due to his involvement in the altercation. Finally, it is not clear from the record that there is any contradiction between paragraph 5 of Dohman's Declaration and his prior interrogatory response regarding the investigation. Dohman's interrogatory response simply states that "no investigation was conducted" but it does not state that this was in response to Plaintiff's alleged involvement in the altercation or whether

4

it was in response to some other matter. In addition, even if there were a contradiction, this is a matter to be argued to – and considered by- the court in deciding whether there are material issues of fact that preclude the granting of the present motion for summary judgment. It is not a reason to strike testimony by affidavit.

Finally, Plaintiff's initial placement in restricted housing is not what is at issue in this case and whether an investigation was ever conducted into such altercation is immaterial to the matters pending before this Court, which is Plaintiff's continued placement in restricted housing, the reasons therefor, and whether Plaintiff received the process that was due to him. Plaintiff's initial placement in restricted housing based on this alleged altercation and any investigation that was or was not conducted is an issue currently being litigated in Plaintiff's case pending in the Eastern District, which is set for trial on April 29, 2013. The information related to Plaintiff's initial placement in restricted housing because of the altercation is relevant in this matter only by way of background information and Defendants do not rely on it to support summary judgment. As such, the Court will not strike this portion of Dohman's Declaration and its related references.

Defendants' Exhibit 8 is one of the aforementioned Indictments against two individuals, one guard and one non-guard, based on their involvement in the smuggling of drugs and contraband into SCI-Graterford and in Plaintiff's plan to escape. (ECF No. 118-3 at 32.) Plaintiff is referenced in the Indictment as "C.W." Paragraph 26 in Defendants' Concise Statement of Material Facts and pages 16-17 in their Brief in Support of summary judgment reference this exhibit. Plaintiff complains that the Indictment lacks authenticity and is immaterial. The Indictment, however, is a public record admissible under Federal Rule of Evidence 803(8). It is also material to the issue of why Plaintiff remained in restricted housing

5

following his initial placement in administrative custody. As such, the Indictment and its related references will not be stricken.

Defendants' Exhibit 9 is a press release issued by the U.S. Department of Justice dated September 21, 2007, in reference to aforementioned indictments issued against the SCI-Graterford prison officials. (ECF No. 118-3 at 43.) Paragraph 27 in Defendants' Concise Statement of Material Facts and pages 16-17 in their Brief in Support of summary judgment reference this exhibit. Plaintiff complains that this document is inadmissible hearsay. While it is hearsay, the press release falls under the hearsay exception set out in Federal Rule of Evidence 803(8) for public records, because it is a statement that sets out either "the office's activities" or "in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation." *See* Byrd v. ABC Professional Tree Serv., Inc., 832 F. Supp. 2d 917 (M.D. Tenn. 2011) (finding federal agency press release admissible under Rule 803(8)). Therefore, this exhibit and related references to it will not be stricken.

Finally, Defendants' Exhibit 10 is a Memorandum from Defendant Superintendent Patrick to Deputy Secretary Moore recommending Plaintiff's placement on the Restricted Release List. (ECF No. 118-3 at 47-48.) Paragraph 28 and 30-32 in Defendants' Concise Statement of Material Facts and pages 16-17 in their Brief in Support of summary judgment reference this exhibit. In the memorandum, Defendant Patrick states that he reviewed Plaintiff's available DOC records and reports, and after summarizing the information contained therein, he recommends Plaintiff be placed on the Restricted Release List due to his belief that Plaintiff will continue to be a "problematic inmate." Plaintiff complains that this document contains hearsay regarding his history in the DOC. This memorandum, however, is not being offered to prove the truth of the matter asserted, *i.e.*, that the information summarized in the report is accurate.

Instead, the memorandum is being offered to show the rationale used to place Plaintiff on the Restricted Release List.  Alternatively, this internal memorandum fits under the business record exception to the hearsay rule found in Federal Rule of Evidence 803(6).  *See* United States v. Pelullo, 964 F.2d 193, 200 (3d Cir. 1992) (Under Rule 803(6), business records are admissible if: (1) the declarant had personal knowledge; (2) the declarant recorded the statements contemporaneously with the actions that were the subject of the reports; (3) the declarant made a record in the regular course of the business activity; and (4) the records were regularly kept by the business.)

                            **AND NOW**, this 26th day of February 2013;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (ECF No. 144) is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order.  Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto.  Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

                                                                                     _____
                                                                                     Lisa Pupo Lenihan
                                                                                     Chief United States Magistrate Judge

cc:  Chris Washington-El
      CW-2075
      1100 Pike Street
      Huntingdon, PA  16654